CAROLINE D. CIRAOLO
Acting Assistant Attorney General

NITHYA SENRA, #291803
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-6570 (v)
202-307-0054 (f)
Nithya.Senra@usdoj.gov
*Counsel for Plaintiff*

BENJAMIN B. WAGNER
United States Attorney
*Of Counsel*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JULIAN CARRANZA; GARY HESTER AS EXECUTOR OF THE ESTATE OF RUTH HESTER; ROCKLAND PACIFIC FINANCIAL INC.; TULARE COUNTY TREASURER; LINDSAY-STRATHMORE IRRIGATION DISTRICT; DENNIS WRIGHT DBA CENTRAL BUSINESS BUREAU;ATANACIO RODRIGUEZ DBA ROAD RUNNERS TRANSPORT; STANLEY TULCHIN ASSC. WESTERN, INC.;BERTHA CARRANZA; STATE OF CALIFORNIA, EMPLOYMENT DEVELOPMENT DEPARTMENT; STATE OF CALIFORNIA, FRANCHISE TAX BOARD; and PEOPLE OF THE STATE OF CALIFORNIA, TULARE COUNTY,<br><br>                    Defendants. | Case No.  1:14-cv-00838-KJM-GSA<br><br><br>**ORDER OF FORECLOSURE AND JUDICIAL SALE** |

This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403.  The Court hereby orders as follows:

1.      Julian Carranza is indebted to the United States of America ("United States") for unpaid assessed balances of federal income taxes (Form 1040) for the period ending December 31, 2003, and for unpaid balances of federal employment taxes (Form 943) for the periods ending December 31, 2003 and December 31, 2004, plus interest and statutory additions accruing after the dates of assessments pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c) until paid. On June 10, 2015, defendant Julian Carranza stipulated to the entry of judgment in favor of the United States and against Julian Carranza for his federal income tax liabilities for the period ending December 31, 2003, for federal employment tax liabilities for the period ending December 31, 2004, calculated through April 30, 2014, in the amount of $234,550.42, plus such additional statutory additions, including interest, as continue to accrue until paid in full.

2.      The property sought to be foreclosed by this action consists of one parcel of real property located at 24305 Ave 196, Strathmore, California 93256 (the "subject property"), APN 216-160-008 and legally described as follows:

> That portion of the East half of the Southeast quarter of Section 34, Township 20 South, Range 27 East, Mount Diablo Base and Meridian, in the County of Tulare, State of California, described as follows:
>
> Beginning at the northeast corner of the East half of the Southeast quarter of said Section 34; thence South along the east line of said Section 34, 1335.15 feet more or less, to a point which is 15.08 feet South of the southeast corner of the Northeast quarter of the Southeast quarter of said Section 34; thence West parallel with the north line of the Southeast quarter of said Section 34; thence North 1335.14 feet, more or less to the northwest corner of said East half of the Southeast quarter; thence East half of the Southeast quarter; thence East 1321.83 feet; more or less, to the point of beginning.

Excepting therefrom the North 33 feet thereof conveyed to the County of Tulare by deed dated July 17, 1950, and recorded in Book 1461, Page 593 of Official Records.

Accordingly, it is ORDERED as follows:

1.      The United States' federal tax liens against the subject property are hereby foreclosed.  The United States Marshal for the Eastern District of California, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject property, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties.  The United States may choose either the United States Marshal or a PALS representative to carry out the sales under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sales as set forth in this Order.

2.      The United States Marshal for the Eastern District of California, his/her representative, or a PALS representative is authorized to have free access to the subject property and to take all actions necessary to preserve that property including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

3.      The terms and conditions of the sale are as follows:

a.      Except as otherwise stated herein, the sale of the subject property shall be by public auction to the highest bidder, free and clear of all liens and interests.

b.      The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

1    c.  The sale shall be held at the United States District Court for the Eastern

2 District of California, at the Fresno courthouse, on the subject property's premises, or at any

3 other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time

4 announced by the United States Marshal, his/her representative, or a PALS representative.

5    d.  Notice of the sale shall be published once a week for at least four

6 consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued

7 and of general circulation in Tulare County, and, at the discretion of the Marshal, his/her

8 representative, or a PALS representative, by any other notice that it or its representative may

9 deem appropriate.  State or local law notice requirements for foreclosures or execution sales do

10 not apply to these sales under federal law and State or local law regarding redemption rights do

11 not apply to these sales.  The notice of sale shall describe the subject property and shall contain

12 the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale.

13    e.  The minimum bid will be set by the Internal Revenue Service.  If the

14 minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS

15 representative may, without further permission of this Court, and under the terms and conditions

16 in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the

17 minimum bid or sell to the highest bidder.

18    f.  Bidders shall be required to deposit at the time of sale with the Marshal,

19 his/her representative, or a PALS representative, a minimum of ten percent of the bid with the

20 deposit to be made by a certified or cashier's check payable to the United States District Court

21 for the Eastern District of California.  Before being permitted to bid at the sale, bidders shall

22 display to the Marshal, his/her representative, or a PALS representative satisfactory proof of

23 compliance with this requirement.

Order of Foreclosure and Judicial Sale   4

g.      The balance of the purchase price of the subject property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of Julian Carranza at issue herein.  The subject property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second highest bidder or bidders.  The United States may bid as a credit against its judgment without tender of cash.

h.      The sale of the subject property shall not be final until confirmed by this Court.  The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

i.      Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the subject property to the purchaser or purchasers.  It is the purchaser's responsibility to record the deed of judicial sale in the appropriate location.

j.      Upon confirmation of the sale, the interests in, liens against, or claims to the subject property held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished.  The sale is ordered pursuant to 28 U.S.C. § 2001.  Redemption rights under state or local law shall not apply to this sale under federal law.

1    k.    Upon confirmation of the sale, the purchaser or purchasers shall have the recorder of deeds, in the County of Tulare's Recorder's Office, to cause transfer of the subject property to be reflected upon that Recorder Office's register of title.

4.    Until the subject property is sold, Julian Carranza and Bertha Carranza shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the subject property.  They shall not commit waste against the subject property, nor shall they cause or permit anyone else to do so.  They shall not do anything that tends to reduce the value or marketability of the subject property, nor shall they cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so.  Violation of this paragraph shall be deemed a contempt of court and punishable as such.

5.    All persons occupying the subject property shall leave and vacate permanently such property no later than 14 days after the sale is confirmed, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating.  If any person fails or refuses to leave and vacate the subject property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property is being conducted by a PALS representative.  If any person fails or refuses to remove his or her personal property from the subject property by the time specified herein, the personal property remaining at the subject property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS

representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

6.    The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the court, and it shall be applied as far as it shall be sufficient to the following items, in the order specified:

a.    To the United States Marshal or PALS representative (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

b.    To any real property tax and/or special assessment lien holders to satisfy any existing liens that are entitled to priority over prior security interests under California state law pursuant to 26 U.S.C. § 6323(b)(6);

c.    The remaining proceeds shall be split in half (1/2).

d.    The first half of the remaining proceeds shall be distributed as follows:

i.    To the United States to satisfy the federal tax liens relating to the 2003 and 2004 Form 943 liabilities described in paragraph fourteen (14) of the First Amended Complaint, including accrued but unassessed interest;

ii.    To Stanley Tulchin Associates Western Inc. to satisfy its judgment lien, including interest in an amount according to proof at that time;

iii.    To the United States to satisfy the federal tax liens relating to the 2003 Form 1040 liabilities described in paragraph fifteen (15) of the First Amended Complaint, plus all interest and penalties due and owing thereon;

iv.    To Lindsay Strathmore Irrigation District to satisfy its liens, including interest in an amount according to proof at that time, and

v.    Any balance remaining of this half of the proceeds to defendant Julian Carranza.

e.    After the first half of the remaining proceeds are distributed in accordance with paragraph 4(d), the second half of the remaining proceeds shall be distributed as follows:

i.    To the United States to satisfy any remaining balance owed relating to the outstanding 2003 and 2004 Form 943 tax liabilities described in paragraph fifteen (15) of the First Amended Complaint, including accrued but unassessed interest;

ii.     To the United States to satisfy any remaining balance owed relating to the outstanding 2003 Form 1040 tax liabilities described in paragraph sixteen (16) of the First Amended Complaint, including accrued but unassessed interest; and

iii.     Any balance remaining of this half of the proceeds to defendant Bertha Carranza.

7.     This order of sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

DATED this 17th day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE